15-2032-cv
*Valdin Invs. Corp. v. Oxbridge Capital Mgmt., LLC*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand sixteen.

PRESENT:  JON O. NEWMAN,
          JOSÉ A. CABRANES,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*

---

VALDIN INVESTMENTS CORPORATION,

        *Plaintiff-Appellant,*                15-2032-cv

        v.

OXBRIDGE CAPITAL MANAGEMENT, LLC, OXBRIDGE CAPITAL FUND I, LLC, OXBRIDGE CAPITAL FUND II, LLC, OXBRIDGE CAPITAL FUND III, LLC, OXBRIDGE CAPITAL FUND IV, LLC, OXBRIDGE CAPITAL FUND V, LLC, OXBRIDGE CAPITAL FUND VI, LLC, OXBRIDGE CAPITAL FUND VII, LLC, OXBRIDGE CAPITAL FUND VIII, LLC, OXBRIDGE CAPITAL FUND IX, LLC,

        *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**        Jeffrey L. Rosenberg, Jeffrey L. Rosenberg & Associates, LLC, Old Westbury, NY.

**FOR DEFENDANTS-APPELLEES:**         Lisa Solbakken, Robert Angelillo, Arkin
                                                                      Solbakken LLP, New York, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **VACATED** and the cause **REMANDED**.

Plaintiff-appellant Valdin Investments Corporation ("Valdin") appeals from a May 26, 2015 order of the District Court denying Valdin's "motion to enforce court orders and stipulations" against defendants-appellees (collectively, "Oxbridge").[1] Valdin presents 15 issues for review on appeal. We cannot consider any of them, however, because Valdin lacks standing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Valdin seeks to enforce three "Settlement Orders," under which Oxbridge purportedly owes various obligations.[2] But Valdin does not argue that Oxbridge owes those obligations to *Valdin*. Rather, Valdin asserts that it assigned the relevant "interests and entitlements"—including the right to enforce the Settlement Orders—to Pioneer Investment Management Limited, which in turn assigned them to Sun Global Investments Limited.[3] Valdin Br. 31, 33; *see also* App. 201–02, 224. Valdin's assignment of its rights extinguished its claims against Oxbridge and deprived it of any interest in this litigation. Valdin therefore lacks standing. *See Aaron Ferer & Sons Ltd. v. Chase*

---

[1] As the District Court correctly observed, "there is nothing in the Federal Rules of Civil Procedure styled a 'motion to enforce.'" *Valdin Invs. Corp. v. Oxbridge Capital Mgmt., LLC*, 106 F. Supp. 3d 316, 324 (E.D.N.Y. 2015) (quoting *Martens v. Thomann*, 273 F.3d 159, 172 (2d Cir. 2001)). Because we resolve this appeal based on lack of standing, we need not address "the potential error of terminology" in Valdin's motion. *See Hendrickson v. United States*, 791 F.3d 354, 357 n.1 (2d Cir. 2015) (internal quotation marks omitted).

[2] The Settlement Orders consist of a stipulation of settlement so-ordered by the District Court on March 6, 2009 (the "First Stipulation"); an attachment order of the same date; and a "Second Stipulation" of February 11, 2010, which was not ordered or approved by the District Court, but which provides for that court's jurisdiction.

[3] We assume that Valdin's assignment was effective. Although Oxbridge argues that Valdin could not have assigned its *obligations* under the relevant agreements, Oxbridge does not dispute that Valdin was permitted to assign its *rights*. Moreover, Valdin, as the party invoking federal jurisdiction, bears the burden of establishing standing. *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 39 (2d Cir. 2015). Accordingly, we need not question Valdin's assertions insofar as they demonstrate the *absence* of standing.

*Manhattan Bank, Nat'l Ass'n*, 731 F.2d 112, 125 (2d Cir. 1984). Valdin assigned its rights on August 1, 2010, which means that Valdin also lacked standing when it filed the instant motion on February 27, 2015. Accordingly, the District Court lacked subject-matter jurisdiction to reach the merits of Valdin's motion, and its order must be vacated.

It is possible, of course, that Valdin's assignee would have standing as the real party in interest. *See W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 107–11 (2d Cir. 2008). Ordinarily, we would permit the real party in interest to ratify, join, or be substituted into the action pursuant to Rule 17(a)(3) of the Federal Rules of Civil Procedure. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20–21 (2d Cir. 1997).[4] Here, however, Valdin, the sole plaintiff, lacked standing on all of its claims. Its motion was therefore "a nullity" from the beginning, so that there is "no lawsuit pending for the real party in interest to 'ratify, join, or be substituted into' under Rule 17(a)(3) or otherwise." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l.*, 790 F.3d 411, 423 (2d Cir. 2015).[5]

## CONCLUSION

For the foregoing reasons, we **VACATE** the May 26, 2015 order of the District Court and **REMAND** the cause to the District Court with direction to dismiss Valdin's motion for lack of subject-matter jurisdiction. Valdin's motion to strike portions of Oxbridge's supplemental appendix and response brief is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] Rule 17(a)(3) provides in relevant part that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."

[5] The District Court found that Valdin was dissolved in 2010. It is unclear whether a Panama corporation may seek to enforce a court-ordered settlement agreement after that corporation's dissolution. *See Valdin Invs. Corp.*, 106 F. Supp. 3d at 326–27; Fed. R. Civ. P. 17(b)(2) (providing that a corporation's capacity to sue or be sued is determined "by the law under which it was organized"); *compare Marsh v. Rosenbloom*, 499 F.3d 165, 172 (2d Cir. 2007) ("Under the common law, dissolution of a corporation terminated its existence as a legal entity, thus abating all pending actions by and against it and terminating its capacity to sue or be sued."), *with* N.Y. Bus. Corp. Law § 1006(a)(4) (providing that a dissolved corporation "may sue or be sued . . . in its corporate name"). Because we determine that Valdin lacks standing, we need not decide whether Valdin lacked the capacity to bring the instant motion.